UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TAMMY COAKLEY | : | |
|     Plaintiff, | : | |
| | : | C.A. No.:1:17-cv-00212-M-PAS |
| Vs. | : | |
| | : | |
| WALGREENS MAIL SERVICE, INC., alias: | | |
| WALGREENS PHARMACY | : | |
|     Defendant | : | |

PLAINTIFF'S

**PLAINTIFF'S RULE 16(b) SCHEDULING CONFERENCE STATEMENT**

On April 1, 2016, at 5:00 PM, Plaintiff entered the Walgreens Pharmacy store located at 1140 North Main Street in Providence, Rhode Island (the "Store") accompanied by her boyfriend, Jason Stallworth. Defendant owned and operated the Store at the time of the incident complained of in this action. While waiting at the pharmacy Plaintiff was approached by an employee, an agent of the Store, who in a loud voice in the presence and hearing distance of other Store customers accused Plaintiff of stealing RX cough medicine on a prior occasion. The employee then proceeded to tell Plaintiff that due to the prior incident Plaintiff was not allowed in the Store then or in the future. The statements made by the Store's employee were false and, as a result, the Store's manager extended an apology to Plaintiff on behalf of the Store for the incident.

The legal issue that may arise is the appropriate assessment of damages that Plaintiff is entitled to for such defamatory statements. Under Rhode Island Law a plaintiff that is defamed is entitled to compensatory and, in some instances, punitive damages. Compensatory damages can be based on the mental anguish and suffering, personal humiliation, and injury to reputation experienced as a result of the defamatory statements made toward the plaintiff. *Bosler v.*

*Sugarman,* 440 A.2d 129 (R.I. 1982), *Gertz v. Robert Welch, Inc.,* 418, U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974).   The Supreme Court of Rhode Island has held that:

> "[t]he award of compensatory damages in an action for slander may be based upon the mental anguish and humiliation experienced as a result of the defamatory statements. In this respect it is analogous to an action for false imprisonment. *See, Webbier v. Thoroughbred Racing Protective Bureau, Inc*., 105 R.I. 605, 254 A.2d 285 (1969); *Della Posta v. Rand Express Freight Lines, Inc*., 86 R.I. 148, 133 A.2d 775 (1957). Moreover, when defamatory matter is actionable per se, mental suffering is always a proper element to be considered in fixing the amount of damages which plaintiff is entitled to recover. The authorities   440 A.2d 133 are virtually unanimous in support of this proposition. The cases on this point are collected at 90 A.L.R. 1175 (1934). The determination of appropriate recompense for mental suffering in an action for defamation is peculiarly the province of the trier of fact. *Childers v. San Jose Mercury Printing and Publishing Co.,* 105 Cal. 284, 38 P. 903 (1894); *Wilson v. Fitch*, 41 Cal. 363 (1871).

*Bosler, supra* at 133.

In addition to compensatory damages, punitive damages are also appropriate when the speaker made the statements at issue with knowledge of their falsity or reckless disregard as to their truth.  *Gertz supra.* Beyond this, Plaintiff does not anticipate any legal issues.

>  /s/David J. Oliveira
> DAVID J. OLIVEIRA, ESQ. (2516)
> 155 South Main Street Suite 305
> Providence, RI 02903
> (401) 274-9191
> (401) 274-9190 (FAX)
> doliveira@djolaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of July, 2017, a true copy of the within was filed electronically and it is available for viewing and downloading from the ECF system. Counsel of record received notice of the filing of this document electronically from the United States District Court for the District of Rhode Island.

  /s/David J. Oliveira